# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ADAM WATERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-1270-WEB |
| ) | |
| TRUSTMARK LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# MEMORANDUM AND ORDER

Before the court is Defendant's Motion for Protective Order. (Doc. 13.) Plaintiff did not file a response, and the time for any response has expired. *See* D. Kan. Rule 6.1(d)(1) (responses to non-dispositive motions are to be filed within 14 days). After careful consideration of Defendant's motion and attached exhibits, the Court is prepared to rule.

## BACKGROUND

Plaintiffs filed their Petition in District Court of Butler County, Kansas, on August 2, 2006. (Doc. 1, Exh. 1). In the Petition, Plaintiff alleges that Defendant failed or refused to pay insurance benefits following Plaintiff's hospitalization and medical treatment resulting from an automobile accident. (*Id.*) Defendant filed a

notice of removal to federal court on September 11, 2006, contending that Plaintiff's claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, because Plaintiff is seeking damages "for the allegedly wrongful denial of benefits under an ERISA-governed employee welfare benefit program." (Doc. 1.) Defendant filed its Answer on September 28, 2006. (Doc. 8.) The Scheduling Order was entered on November 9, 2006. (Doc. 10.) Plaintiff served the discovery requests at issue on November 30, 2006. (Doc. 14, Exh. 2). Both parties' served their initial disclosures soon thereafter. (Docs. 11, 12.)

Defendant filed the instant motion on January 16, 2007, requesting a protective order limiting the discovery in this case to production of the administrative record or "only such discovery as may be necessary to determine whether the administrative record is complete." (Doc. 14, at 2-3.) Defendant also requested that such an order include a provision that it need not respond to discovery requests exceeding the permissible scope of discovery. (*Id.*)

## DISCUSSION

The Supreme Court has held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility

for benefits or to construe the terms of the plan." ***Firestone Tire & Rubber Co. v. Bruch***, 489 U.S. 101, 115, 109 S. Ct. 948, 956, 103 L. Ed. 2d 80 (1989).  If the plan gives the administrator or fiduciary such discretionary authority, the case is reviewed under a more deferential arbitrary and capricious standard.  ***Kimber v. Thiokol Corp.***, 196 F.3d 1092, 1097 (10th Cir. 1999).

In this case, Defendant contends that the ERISA plan in the present case "gives the administrator discretionary authority to render a decision as to a participant's claims."  (Doc. 14, at 1; *see also*, Exh. 1.)  Because Plaintiff has not objected or responded to Defendant's motion, the Court will find this point to be uncontested.

In reviewing a denial of benefits under ERISA, a federal court reviews the plan administrator's decision and must limit itself to the "administrative record," which consists of the materials compiled by the administrator during the course of making its decision.  ***Fought v. UNUM Life Ins. Co.***, 379 F.3d 997, 1003 (10th Cir. 2004), *vacating & superseding* ***Fought v. UNUM Life Ins. Co.***, 357 F.3d 1173 (10th Cir. 2004); *See also*, ***Hall v. UNUM Life Ins. Co.***, 300 F.3d 1197, 1201-02 (10th Cir. 2002) (discussing *de novo* review).

Fed. R. Civ. P. 26(c) governs the issuance of protective orders and provides that "[u]pon motion by a party . . . and for good cause shown, the court . . . may

make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This Court previously has addressed the issue of protective orders in ERISA cases. *See e.g.,* ***Lewis v. ITT Hartford Life and Accident Ins. Co***., 04-1116-JTM, December 1, 2004, Memorandum and Order (Doc. 21). The Court has denied protective orders and has allowed very limited discovery as to the issue of how the plan administrator reached its decision where there is an issue of conflict of interest of the plan administrator. *Id.* The Court has also denied a protective order and has allowed limited discovery on the question of whether the administrative record is full and complete. *See e.g.,* ***Simpson v. Raytheon Aircraft***, 99-1408-JTM, July 21, 2000, Memorandum and Order (Doc. 20).

In this case it appears that some of the interrogatories may have been directed to the completeness of the administrative record. (*See e.g.,* Doc. 14, Ex. B, Interrog. 1 and 2.) However, the Court is not in a position to address the substantive aspects of the requested discovery since Plaintiff did not file a response to Defendant's request for a protective order. "If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." ***D.Kan. Rule 7.4***.

Defendant's present motion for a protective order is unopposed, timely, and facially valid. The Court, therefore, **GRANTS** Defendant's Motion for Protective Order (Doc. 13), without prejudice.[1]

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Protective Order (Doc. 13) is **GRANTED**. Defendant need not respond to the discovery requests at issue, other than to provide a full and complete copy of the administrative record.

Dated at Wichita, Kansas, on this 9th day of February, 2007.

  s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge

---

[1] The Court believes it has the authority to order Defendant to provide a full and accurate copy of the administrative record notwithstanding Plaintiff's lack of response to the present motion. *See e.g.*, FED. R. CIV. P. 26(a). Therefore, if there are genuine disputes in the future as to the completeness of the administrative record, those matters may be brought before the Court by a subsequent motion.